IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GORDON BROOKS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CARR PROTECTIVE SERVICE, INC., | |
| Defendant. | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW ("Plaintiff" or "Mr. Brooks"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for equitable relief and damages and reasonable attorney fees against Defendant Carr Protective Service, Inc. ("Defendant" or "Carr") for age discrimination under the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343.

3.

Defendant resides within this judicial district and division and the unlawful employment practices alleged in this Complaint were committed within this district and division. In accordance with 28 U.S.C. § 1391, and 1443 venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADEA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 11, 2022 and more than sixty (60) days have passed since the filing of the Charge.

5.

All conditions precedent to bringing this action have been satisfied, conpleted, or waived.

## **PARTIES**

6.

Plaintiff Gordon Brook is a Male citizen of the United States of America over forty (40) years of age and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this district and division.

8.

Defendant is a domestic for-profit corporation with its principal office address at 400 W. Peachtree St., Unit 2910, Atlanta, GA, 30308 and can be served through its Registered Agent, Shauntae R. Carr at 400 W. Peachtree, Unit 2910, Atlanta, GA, 30308.

9.

At all times relevant to this Complaint, until his termination, Plaintiff was an "employee" of Defendant as defined under the ADEA.

10.

Defendant is now and, at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce.

11.

During all times relevant hereto, Defendant had employed twenty (20) or more employees for the requisite duration under the ADEA.

12.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 400 W Peachtree St NW, Unit 2910, Atlanta, GA, 30308.

## FACTUAL ALLEGATIONS

13.

Plaintiff began working for Defendant on or about December 25, 2020. His last position was Security Officer.

14.

Plaintiff was born on August 3, 1944.

15.

On or about May 10, 2022, Greg Turner, Plaintiff's coworker, told Plaintiff that Defendant's owner, Shaun Carr, that he was going to have to terminate Plaintiff.

16.

Turner told Plaintiff that Carr said he had to terminate Plaintiff because Plaintiff was too old and that Carr said he was afraid that Plaintiff would get hurt because of his age.

17.

Turner also told Plaintiff specifically that Carr told Turner he was going to have to terminate him because of how old he was.

18.

Then, on May 24, 2022, Carr told Plaintiff he was going to have to terminate him because of his age and that he was going to get hurt because of how old he was.

19.

Carr told Plaintiff that he knew Turner wanted the Plaintiff to stay, but that he had to let Plaintiff go because that is what was best for his business.

20.

Carr also specifically referenced the fact that Plaintiff was his oldest employee in explaining why Defendant needed to terminate him.

21.

Plaintiff said that he could still do the job and that he was physically fit.

22.

Carr told Plaintiff that he knew he "could do all those pushups" but that he had to do what was best for his company.

23.

Carr said Plaintiff's last day would be June 14, 2022.

24.

Plaintiff said "Well then I guess I better buckle up."

25.

In response, Carr became very irate and asked Plaintiff if he was threatening him.

26.

Plaintiff was confused but told Carr that he was not and he was referring to Carr firing him when he said the he better buckle up.

27.

Carr then terminated the Plaintiff effective that day, May 24, 2022.

28.

On that day, Plaintiff was 78 years old.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

30.

Defendant treated other employees outside of Plaintiff's protected class, i.e. those younger than forty (40), more favorably.

## CLAIMS FOR RELIEF

### COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED

31.

Plaintiff re-alleges paragraphs 13-30 as if set forth fully herein.

32.

Defendant terminated Plaintiff because of his age.

33.

Defendant admitted it terminated Plaintiff because of his age.

34.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of their age in violation of ADEA, as amended.

35.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

36.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected their status as an employee because of their age.

37.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Reasonable attorney's fees and expenses of litigation;

(b) Trial by jury as to all issues;

(c) Prejudgment interest at the rate allowed by law;

(d) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(e) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(f) Compensation for lost compensation, back pay, wages and employment-related benefits;

(g) Liquidated damages; and

(h) All other relief to which he may be entitled.

Respectfully submitted this 9th day of November, 2022.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Patrick J. Reid
Georgia Bar No. 88876P[1]

*Counsel for Plaintiff Gordon Brooks*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com
patrick@justiceatwork.com

---

[1] Matthew C. Billips is supervising attorney for Patrick J. Reid.